UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KELLY N. NORRIS                                     CIVIL ACTION

VERSUS                                              NUMBER: 19-10616

CAPT. RHOND LEDET, ET AL.                           SECTION: "A"(5)

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* by pro se Plaintiff, Kelly N. Norris, against Defendants, Captain Rhonda Ledet, Warden Major Stephen Bergeron, and Sergeant Julio Escobar. (Rec. docs. 8; 1, p. 1; 11). Plaintiff, an inmate of the Terrebonne Parish Criminal Justice Complex ("TPCJC") at the time that suit was filed, complained of the adequacy of the medical care that he received at that facility. (Rec. doc. 1, pp. 3, 5).

After issue was joined, by order dated August 30, 2019 ("Briefing Order"), Plaintiff was directed to file in the record of this proceeding, on or before October 3, 2019, a statement of the facts to be proven at trial, a list of documents to be offered as exhibits, and a list of intended witnesses. (Rec. docs. 11, 12). A copy of the Briefing Order was mailed to Plaintiff at TPCJC but was subsequently returned as undeliverable on September 9, 2019 with a notation that Plaintiff had been released from that facility. (Rec. doc. 14). It has now been 35 days since the copy of the Briefing Order that was mailed to Plaintiff was returned to the Court as undeliverable and no address correction has been made by him. Nor has he provided the Court with the information required by the Briefing Order.

Local Rule 11.1 provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation to promptly notify the court of any address ... change." The

practical considerations that the Local Rule was intended to address were touched upon by

the Fifth Circuit years ago, as follows:

> "It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the court of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing."

> *State v. Shannon*, No. 87-CV-3951,
> 1988 WL 54768 at *1 (E.D. La. May 23, 1988)
> (quoting *Perkins v. King*, No. 84-3310,
> slip. op. at *4 (5th Cir. May 19, 1985)).

Simply put, Local Rule 11.1 imposes an affirmative obligation on parties like Norris

to keep the Court apprised of their current mailing addresses and relieves court personnel

of that burden. [1] *See Lewis v. Hardy*, 248 Fed.Appx. 589, 593 n. 1 (5th Cir. 2007), *cert. denied*,

552 U.S. 1246, 128 S.Ct. 1479 (2008); *St. Juniors v. Burgess*, No. 15-CV-0350, 2016 WL

4368230 (E.D. La. Aug. 16, 2016); *Thomas v. Parker*, No. 07-CV-9450, 2008 WL 782547 (E.D.

La. Mar. 19, 2008); *Batiste v. Gusman*, No. 07-CV-1136, 2007 WL 1852026 (E.D. La. June 26,

2007).  Local Rule 41.3.1 further provides that "[t]he failure of a[] ... pro se litigant to notify

the court of a current postal address may be considered cause for dismissal for failure to

prosecute when a notice is returned to the court because of an incorrect address and no

correction is made to the address for a period of 35 days from the return."  Finally, pursuant

to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on

---

[1] While the vast amount of court-generated information is transmitted to litigants electronically via the CM/ECF system, communications with pro se plaintiffs are still conducted primarily by mail.

the failure of a plaintiff to prosecute his case or to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5th Cir. 1978). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or the failure to comply with the court's orders. *Markwall v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986). As Plaintiff is proceeding pro se in this matter, the Court must consider his action/inaction alone in considering dismissal of this case under Rule 41(b).

As noted above, Plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1. Plaintiff acknowledged his obligation in that regard when he signed his complaint, the sixth page of which contains a declaration, sworn to by him under penalty of perjury in substantial conformity with 28 U.S.C. §1746, that "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and [the] failure to do so may result in this action being dismissed with prejudice." (Rec. doc. 1, p. 6). Plaintiff's inaction in this regard has deprived the Court of the ability to communicate with him and, consequently, to advance his case on the docket. Plaintiff has also failed to provide the Court with the information required by the Briefing Order. As Plaintiff is proceeding pro se in this matter, these failures are attributable to him alone. Accordingly, it will be recommended that Plaintiff's lawsuit be dismissed for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P., and Local Rule 41.3.1.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's lawsuit be dismissed for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P., and Local Rule 41.3.1.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2]

New Orleans, Louisiana, this __17th__ day of _____October_____, 2019.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.